**Bruce E. Disenhouse (SBN 078760)**
bdisenhouse@krsattys-riv.com
KINKLE, RODIGER AND SPRIGGS
Professional Corporation
3333 Fourteenth Street
Riverside, California 92501
(951) 683-2410
FAX (951) 683-7759

Attorneys for Defendants, GENESIS FLUID SOLUTIONS, LTD., and MICHAEL K. HODGES

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAGLE NORTH AMERICA, INC., | CASE NO.: C08 02060 PVT |
| Plaintiff, | ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL |
| v. | |
| GENESIS FLUID SOLUTIONS, LTD., and MICHAEL K. HODGES, | |
| Defendants. | |

Defendants Genesis Fluid Solutions, Ltd. ("Genesis") and Michael K. Hodges ("Hodges") answer the Complaint of Eagle North America, Inc. ("Eagle") as follows:

1. Defendants deny, generally and specifically, the allegations of paragraphs 1, 16, 24, 25, 26, 27, 28, 29, 30, 31, 33, 34, 35, 36, 38 and 39.

2. Defendants admit the allegations contained in paragraphs 2, 3, 5, 7, 9, 10, 11, 13, 14, and 15.

3. As to paragraph 12, Defendants admit that Plaintiff was unable to provide "2.5 or 2.0 meter belt presses", but further answering, state that implicit within the negotiations between the parties was the understanding that the equipment leased by Genesis would be fit for its intended purpose, which purpose was known to Plaintiff, and admit the remaining statements contained in paragraph 12.

4. As to paragraph 17, Defendants admit that Eagle delivered belt presses to Santa Cruz on or about August 13, 2007, but state that the belt presses were in poor condition and required extensive cleaning and repair by Genesis personnel before the belt presses could be utilized, resulting in damages to Defendants. Pursuant to the terms of the Lease Agreement, Genesis promptly notified Eagle of said defects, but deny the remaining statements contained in paragraph 17.

5. As to paragraph 18, Defendants admit that Eagle personnel did in fact run the belt press operation at the Santa Cruz site, and that Genesis paid Eagle for these services, but deny the remaining allegations contained in paragraph 18.

6. As to paragraphs 19, 20, 21 and 22, Defendants admit that Eagle has submitted an invoice to Genesis in the amount of $376,308.48, and that Genesis has paid $224,205.00, but deny the remaining allegations contained in paragraphs 19, 20, 21 and 22.

## AFFIRMATIVE DEFENSES

22. Plaintiff has failed to state a claim upon which relief may be granted.

23. Plaintiff has failed to meet all conditions precedent to recovery under

the contract and has failed to mitigate damages, thus barring or reducing all damages herein.

24. Plaintiff breached the contract sued upon prior to any breach alleged to have been committed by the Defendants, thereby barring Plaintiff from recovery.

24. There has been a failure of consideration, and Plaintiff's claims are thereby barred.

25. There was a want of consideration, and Plaintiff's claims are thereby barred.

26. Plaintiff's claims for equitable relief are barred by the doctrine of unclean hands.

27. Plaintiff's claims are barred by fraud in the inducement.

28. Plaintiff's claims are barred by the doctrines of waiver, estoppel and *laches.*

29. Defendants reserve the right to supplement these affirmative defenses as discovery progresses.

WHEREFORE, responding defendants pray as follows:

(1) That plaintiffs take nothing by reason of their complaint on file herein;

(2) That the complaint be dismissed;

///

///

///

1   (3)  For costs of suit incurred herein; and

2   (4)  For such other and further relief as the Court deems just and proper.

KINKLE, RODIGER AND SPRIGGS
Professional Corporation



BRUCE E. DISENHOUSE

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure, Rule 38, and Local Rule 38, Defendants Genesis Fluid Solutions, Ltd. ("Genesis") and Michael K. Hodges ("Hodges") demands trial by jury on all issues herein where they are entitled to a jury trial.

KINKLE, RODIGER AND SPRIGGS
Professional Corporation

_____
BRUCE E. DISENHOUSE