*Bruce E. Disenhouse (SBN 078760)*
*bdisenhouse@krsattys-riv.com*
KINKLE, RODIGER AND SPRIGGS
Professional Corporation
3333 Fourteenth Street
Riverside, California 92501
(951) 683-2410
FAX (951) 683-7759

Attorneys for GENESIS FLUID SOLUTIONS, LTD., and MICHAEL K. HODGES

FILED

2008 JUN 23  A 11: 34

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EAGLE NORTH AMERICA, INC., <br><br>Plaintiffs, <br><br>v. <br><br>GENESIS FLUID SOLUTIONS, LTD., and MICHAEL K. HODGES, <br><br>Defendants. <br><br>―――――――――――――― <br><br>GENESIS FLUID SOLUTIONS, LTD., and MICHAEL K. HODGES, <br><br>Counter-Claimants, <br><br>v. <br><br>EAGLE NORTH AMERICA, INC <br><br>Counter-Defendant, | CASE NO.: C08 02060 PVT <br><br>COUNTER CLAIM OF GENESIS FLUID SOLUTIONS, LTD., AND MICHAEL K. HODGES |

## FIRST CAUSE OF ACTION

### (Breach of Contract)

1. Subsequent to the execution of the Lease Agreement between the parties EAGLE NORTH AMERICA INC. ("EAGLE") and GENESIS FLUID SOLUTIONS

LTD ("GENESIS"), Eagle and Genesis entered into a supplemental contract, whereby Eagle agreed to provide personnel to operate the belt presses leased by Eagle to Genesis. As a specific term of that agreement, Genesis requested, and Eagle agreed, to produce the highest safe speed for the belt components on the project.

2. Eagle personnel failed to maintain the highest safe speed for the belt components, and so breached the contract with Genesis, resulting in damages to Genesis in an amount to be proven at trial but in excess of the jurisdictional minimum limit of this court.

3. Eagle further breached the supplemental contract with Genesis by failing to provide knowledgeable competent operators for all its belt presses, resulting in damages to Genesis, in an amount to be proven at trial but in excess of the jurisdictional minimum limit of this court.

## SECOND CAUSE OF ACTION

**(Fraud in the Inducement, Misrepresentation and Punitive Damages)**

4. Defendants-Counter Claimants incorporate by reference the allegations contained in the preceding paragraphs of the counter claim above, as if fully rewritten.

5. Eagle represented to Genesis and Hodges that its personnel would operate the belt presses at the highest safe operating speed. However, Eagle, acting through its agents and employees, intentionally, willfully and wantonly, and/or recklessly, purposely operated the belt components at speeds lower than the highest

safe operating speeds, so as to prolong the length of the job and to recover additional rent payments from Genesis, despite the fact that Genesis had specifically directed Eagle employees to operate the belt components at the highest safe speed possible.

6. Eagle, acting through its agents and employees, failed to operate the belt presses at the highest safe speed for belt components, despite representing to Genesis and Hodges that said belt presses were operating the highest safe speed, thereby resulting in damages to Genesis in an amount to be proven at trial but in an amount in excess of the minimum jurisdictional limit of this court.

### THIRD CAUSE OF ACTION

**(Negligent Misrepresentation)**

7. Defendants-Counter Claimants incorporate by reference the allegations contained in the preceding paragraphs of the counter claim above, as if fully rewritten.

8. Eagle negligently represented to Genesis and Hodges that its personnel would operate the belt presses at the highest safe speed; however, the belt presses were not operated at the highest safe speed through the negligence of Plaintiff's agents and/or employees, thus causing damages to Genesis in an amount to be proven at trial but in an amount in excess of the jurisdictional minimum of this court.

WHEREFORE, Counter-claimants pray judgment against counter-defendants, and each of them, as follows:

## ON THE FIRST CAUSE OF ACTION

### (Breach of Contract)

1) Compensatory damages in the amount of $80,800.00, plus interest, costs and attorney fees, herein and hereinafter expended, and for such other relief as the Court deems appropriate;

## ON THE SECOND CAUSE OF ACTION

### (Fraud in the Inducement/Misrepresentation/intentional misconduct)

2) For compensatory damages in the amount of $280,800.00, as well as punitive damages in excess of $280,000.00, plus interest, costs, and attorney fees, herein and hereinafter expended, and for such other relief as the Court deems appropriate;

## ON THE THIRD CAUSE OF ACTION

### (Negligent Misrepresentation)

3) For damages in the amount of $280,800.00, plus interest, costs, and attorney fees herein and hereinafter expended, and for such other relief as the Court deems appropriate;

4) For reasonable attorney's fees and costs of suit incurred herein; and

///

///

///

///

5) For such other and further relief as the Court may deem just.

KINKLE, RODIGER AND SPRIGGS
Professional Corporation

_____
BRUCE E. DISENHOUSE